IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Germaine Antonio Williams, #185316, ) | C/A No. 8:14-3914-TLW-JDA |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Greenwood Police Department; Index Journal Newspaper; Jerry Easley, ) | |
| Defendants. ) | |

Germaine Antonio Williams ("Plaintiff"), proceeding pro se, brings this civil action alleging Defendants violated his constitutional rights and defamed his name. Plaintiff is a South Carolina Department of Corrections ("SCDC") inmate incarcerated at Evans Correctional Institution in Bennettsville, South Carolina, and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint is subject to summary dismissal.

## BACKGROUND

Plaintiff alleges the following facts. On March 27, 2008, he was charged with burglary first degree and criminal sexual conduct and incarcerated in the Greenwood County Detention Center ("GCDC"). [Doc. 1 at 3–4.] He was accused of these charges by the Greenwood City Police Department based on a story fabricated by Jerry Easley ("Easley"). [*Id*. at 2–3.] After four and one-half months incarcerated in the GCDC, he was released on a "P.R. bond." [*Id*. at 3–4.] He contends that those criminal charges were "resolved," and the city never took him to court so that he could defend his name and character. [*Id*. at 4.] Further, Plaintiff alleges that the Index Journal Newspaper ("Index Journal") in Greenwood, South Carolina, placed his picture and name on the front page of

the newspaper on April 28, 2008, pertaining to those charges. [*Id*. at 3–4.] His reputation was damaged, and he could not find a job. [*Id*. at 4.]

Based on these facts, Plaintiff alleges claims against Easley, the Index Journal, and the City and County[1] of Greenwood for slander and defamation. [*Id*.] Liberally construed, he also seems to allege false arrest, false imprisonment, and malicious prosecution. [*Id*. at 2–4.] He seeks damages of at least six figures. [*Id*. at 4.] He alleges that all Defendants are located in Greenwood, South Carolina. [*Id*. at 2.]

On October 20, 2014, this Court entered an Order to direct Plaintiff to bring this case into proper form and to answer a special interrogatory under penalty of perjury related to providing more details about Easley—who he worked for and what role he played. [Doc. 8.] Plaintiff answered the court's special interrogatory. [Doc. 10.] He seems to contend that Easley is a private citizen who contacted the Greenwood City Police Department on March 1 and 4, 2008, to file a complaint against Plaintiff. [*Id*. at 1–2.] He alleges that Easley fabricated a story, which the police knew was fabricated, that Plaintiff had threatened Easley and/or broke into his house and tried to rape him. [*Id*.] He alleges that the Greenwood City Police Department caused him to be incarcerated for four and one-half months without a bond and placed his picture and the news story in the Index Journal. [*Id*.]

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the district court. Plaintiff filed this action

---

[1] Plaintiff did not name the County of Greenwood as a defendant in the Complaint, nor did he send in proposed service documents for the county.

pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the district court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## DISCUSSION

The Complaint seems to be filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v.*

*McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Plaintiff's § 1983 claims against Easley and the Index Journal fail to state a claim on which relief may be granted because those Defendants did not act under the color of state law. Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact); *cf. Skinner v. Switzer*, 131 S. Ct. 1289 (2011) (holding that plaintiff need not pin his claim for relief to precise legal theory). Plaintiff alleges that Easley is a private citizen who wrongfully and maliciously accused him of crimes in March of 2008, and the Index Journal is a newspaper that on April 28, 2008, printed the untruthful news story and his picture. As noted above, § 1983 "provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S. Ct. 1657,

4

1661 (2012). "Anyone whose conduct is 'fairly attributable to the state' can be sued as a state actor under § 1983." *Id*. Plaintiff does not allege any facts to indicate that Easley or the Index Journal acted in any way attributable to a state. With few exceptions, purely private conduct, no matter how wrongful, is not actionable under 42 U.S.C. § 1983 and the United States Constitution. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1983); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001). Therefore, Plaintiff's alleged violations of his constitutional rights against them should be dismissed because they were not state actors.

Although Plaintiff seeks to sue a defendant that may have acted under color of state law—the Greenwood City Police Department—it cannot be sued under § 1983 because it is not a person. It is well settled that only "persons" may act under color of state law, so a defendant in a § 1983 action must qualify as a "person." Although suing an entire department may be a lawsuit against a group of people, groups of people are not amenable to suit under § 1983. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *Nelson v. Lexington Cnty. Det. Ctr.*, C/A No. 8:10-2988-JMC, 2011 WL 2066551, at *1 (D.S.C. May 26, 2011) (finding that Food Service Supervisors was a group of people not subject to suit); *Dalton v. South Carolina Dep't of Corr.*, C/A No. 8:09-260-CMC-BHH, 2009 WL 823931, at *2 (D.S.C. March 26, 2009) (dismissing the medical staff of SCDC and Prison Health Services as defendants because they were not persons). Therefore, the Greenwood City Police Department should be dismissed from this action because Plaintiff fails to state a § 1983 claim against it.

If Plaintiff is intending to sue the City of Greenwood pursuant to § 1983, the city is considered a person subject to suit pursuant to § 1983. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 689–90 (1978) (finding that municipalities and other local government bodies are "persons" subject to suit pursuant to § 1983). However, local government bodies may be liable only where official policy caused a plaintiff's injury. *See Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). "They are not vicariously liable under § 1983 for their employees' actions." *Id.* Thus, a plaintiff must identify a municipal "policy" or "custom" that caused the plaintiff's injury. *Id.* Here, Plaintiff's allegations indicate that the City of Greenwood, through its police officers, caused Plaintiff to be incarcerated on certain criminal charges. Because Plaintiff has not alleged a policy or custom that caused his injuries, he fails to state a claim on which relief may be granted against the city.

Moreover, Plaintiff brings a claim against all Defendants for defamation[2], slander, or libel[3] because the facts about the purported crimes were allegedly false and were made public; his reputation was damaged, and he could not find a job. However, an alleged act of defamation of character or injury to reputation is not actionable under 42 U.S.C. § 1983. *Paul v. Davis*, 424 U.S. 693, 697–710 & nn. 3–4 (1976). Civil rights statutes, such as § 1983, do not impose liability for violations of duties of care arising under a state's tort law. *DeShaney v. Winnebago Cnty. Dep't of Soc. Serv.*, 489 U.S. 189, 200–03 (1989).

---

[2] Defamation is the "act of harming the reputation of another by making a false statement to a third person." Black's Law Dictionary (9th ed. 2009).

[3] Slander usually refers to acts of defamation that are "expressed in a transitory form, esp. speech," while libel refers to acts of defamation that are expressed "in a fixed medium, esp. writing but also a picture, sign, or electronic broadcast." Black's Law Dictionary (9th ed. 2009).

Lastly, this action should be dismissed based on frivolousness because it is clearly apparent from the face of the Complaint that the statute of limitations bars this action. "In civil rights cases filed in the District of South Carolina, this Court must apply South Carolina's general personal injury statute of limitations." *Odom v. Ins. Holding M.P.P.D.*, C/A No. 3:11-365-JRM, 2011 WL 1261584, at *2 (D.S.C. March 11, 2011) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Burnett v. Grattan*, 468 U.S. 42, 48–49 (1984)); *adopted*, 2011 WL 1258514, at *1 (D.S.C. March 31, 2011). South Carolina's applicable personal injury statute of limitations is codified at § 15–3–530, South Carolina Code of Laws, which establishes a three-year limitations period for causes of action arising on or after April 5, 1988. Thus, the limitations period for Plaintiff to file suit for a civil rights violation that occurred in 2008 has expired.[4]

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). **Plaintiff's attention is directed to the important notice on the next page.**

s/Jacquelyn D. Austin<br>United States Magistrate Judge

November 20, 2014
Greenville, South Carolina

---

[4] While the statute of limitations is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading, the Court is authorized to anticipate clearly apparent affirmative defenses available to Defendants in determining under § 1915 whether process should be issued. *See Anderson v. XYZ Corr. Health Servs., Inc.*, 407 F.3d 674, 681–82 (4th Cir. 2005); *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir.1983).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).